**Abdullah Abdulhak Al HEMYARE,
Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney
General, Respondent.**

No. 04–70015.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 2005.

Decided June 14, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

**180**

Dagmar Butte, Esq., Parker, Bush & Lane, Portland, OR, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Terri J. Scadron, Esq., Leslie McKay, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, TASHIMA, and CLIFTON, Circuit Judges.

### MEMORANDUM**

Petitioner Abdullah Abdulhak Al Hemyare, a native and citizen of Yemen, petitions for review of a decision of the Board of Immigration Appeals ("BIA"), affirming the Immigration Judge's ("IJ's") denial of his motion for adjustment of status. He also petitions for review of the BIA's order denying his motion to reopen to allow him to apply for asylum, withholding of deportation, and protection under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1105a, as amended by § 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). *Chand v. INS*, 222 F.3d 1066, 1073 (9th Cir.2000). "We have jurisdiction to review due process challenges to immigration proceedings." *Lopez–Umanzor v. Gonzales*, 405 F.3d 1049, 1053 (9th Cir. 2005). We deny the petition.

■ Although the questioning by the IJ during Petitioner's 2002 hearing for adjustment of status certainly may be characterized as hostile, we do not believe it amounts to a violation of Petitioner's due process rights.[1] The IJ's comments regarding Petitioner's appearance and likely attractiveness to women were inappropriate. However, his comments did not render the hearing so "fundamentally unfair that [Petitioner] was prevented from reasonably presenting [his] case." *Id.* at 1056. To the contrary, Petitioner still had the opportunity to present everything he had to offer in support of his application.

■ We also reject Petitioner's contention that the BIA abused its discretion in denying his motion to reopen. Petitioner had been in deportation proceedings for approximately a decade without expressing any fear of returning to Yemen and therefore did not "reasonably explain [his] failure to request asylum" earlier. 8 C.F.R.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the complicated facts and procedural background of this case, they are not recited here except as necessary to aid in understanding this disposition.

§ 208.4(b)(4).[2]

**PETITION FOR REVIEW DENIED.**

---

2. Because we conclude that the BIA did not abuse its discretion in denying the motion to reopen for unexplained delay in filing, we do not reach Petitioner's challenge to the BIA's alternative decision denying the motion on the merits. *See Stoyanov v. INS,* 172 F.3d 731, 735 (9th Cir.1999) (stating that we may affirm the BIA if it established an adequate alternative basis for its holding).

